ABRAMSON & DENENBERG
BY: ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NO. 54161
1200 WALNUT STREET, SIXTH FLOOR
PHILADELPHIA, PA 19107
(215) 546-1345                              ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA

CHARLES MCQUEEN, III                      :
5868 NORTH MARSHALL STREET                :
PHILADELPHIA, PA  19120                   :
        AND                               :
KATINA CHATTIN                            :
5868 NORTH MARSHALL STREET                :
PHILADELPHIA, PA  19120                   :
        AND                               :
ALICE CHATTIN, A MINOR BY AND             :
THROUGH HER MOTHER AND                    :
NATURAL GUARDIAN, KATINA CHATTIN          :
5868 NORTH MARSHALL STREET                :   JURY TRIAL DEMANDED
PHILADELPHIA, PA  19120                   :
                Plaintiffs                :
        v.                                :
                                          :
CITY OF PHILADELPHIA                      :   CIVIL ACTION
1515 ARCH STREET, 15TH FLOOR              :
PHILADELPHIA, PA  19102                   :   NO. 02-CV-2793
        AND                               :
COMMISSIONER JOHN TIMONEY                 :
1515 ARCH STREET, 15TH FLOOR              :
PHILADELPHIA, PA  19102                   :
        AND                               :
CAPTAIN JOHN DOE                          :
1515 ARCH STREET, 15TH FLOOR              :
PHILADELPHIA, PA  19102                   :
        AND                               :
LIEUTENANT JOHN DOE                       :
1515 ARCH STREET, 15TH FLOOR              :
PHILADELPHIA, PA  19102                   :
        AND                               :
SERGEANT SMITH                            :
BADGE NO. 362                             :
1515 ARCH STREET, 15TH FLOOR              :

**PHILADELPHIA, PA  19102**          :
    **AND**                            :
**POLICE OFFICER CAROL PORTER**      :
**BADGE NO. 4651**                   :
**1515 ARCH STREET, 15TH FLOOR**  :
**PHILADELPHIA, PA  19102**          :
    **AND**                            :
**POLICE OFFICERS JOHN DOE #1-10**   :
**1515 ARCH STREET, 15TH FLOOR**  :
**PHILADELPHIA, PA  19102**          :
         **Defendants**               :


## COMPLAINT – CIVIL ACTION

1.  Plaintiff, Charles McQueen, III, is an adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

2.  Plaintiff, Katina Chattin, is an adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

3.  Plaintiff, Alice Chattin, is a minor born on July 10, 1993, and too young to bring this action in her own right and therefore brings it through her parent and natural guardian, Katina Chattin.

4.  Defendant, City of Philadelphia, is a municipal corporation organized and existing under the law of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

5.  Defendant, Police Commissioner John Timoney, was, at all material times, the Police Commissioner of the City of Philadelphia Police Department, the ultimate authority within the Philadelphia Police Department, and an agent of the City of Philadelphia, who is charged with upholding the laws of the City of Philadelphia, as well as the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States of

America. Defendant, Police Commissioner Richard Neal is being sued both individually and in his official capacity as an officer, agent, and/or employee of the City of Philadelphia Police Department and the defendant, City of Philadelphia.

6. Defendant, Captain John Doe, was at all material times a supervising officer with the City of Philadelphia Police Department, responsible for supervising, instructing, training, counseling and disciplining Sergeant Smith, Police Officer Carol Porter and Police Officers John Doe #1-10. Captain John Doe is being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, City of Philadelphia.

7. Defendant, Lieutenant John Doe, was at all material times a supervising officer with the City of Philadelphia Police Department, responsible for supervising, instructing, training, counseling and disciplining Sergeant Smith, Police Officer Carol Porter and Police Officers John Doe #1-10. Lieutenant John Doe is being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, City of Philadelphia.

8. Defendant, Sergeant Smith, was at all material times a supervising officer with the City of Philadelphia Police Department. Sergeant Smith is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, City of Philadelphia.

9. Defendant, Police Officer Carol Porter, was at all material times an officer with the City of Philadelphia Police Department. Officer Porter is being sued both individually and in her official capacity as an officer, agent and/or employee of the defendant, City of Philadelphia.

10. Defendants, Police Officers John Doe #1-10, were at all material times officers with the City of Philadelphia Police Department. Police Officers John Doe #1-10 are being sued both individually and in their official capacity as officers, agent and/or employee of the defendant, City of Philadelphia.

11. At all material times, defendant, Police Commissioner John Timoney, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

12. At all material times, defendant, Captain John Doe, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

13. At all material times, defendant, Lieutenant John Doe, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

14. At all material times, defendant, Sergeant Smith, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

15. At all material times, defendant, Police Officer Carol Porter, acted within the course and scope of her employment, under the color of state law and pursuant to the

customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

16. At all material times, defendants, Police Officers John Doe #1-10, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

17. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and supervising members of the City of Philadelphia Police Department including in particular, defendants, Police Commissioner John Timoney, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Carol Porter and Police Officers John Doe #1-10.

18. At all material times, defendants, Police Commissioner Richard Neal, Captain John Doe, Lieutenant John Doe, were charged with the responsibility of testing, hiring, training and supervising members of the City of Philadelphia Department of Police, including in particular, defendants, Sergeant Smith, Police Officer Carol Porter, and Police Officers John Doe #1-10.

19. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§1331 and 1343, and jurisdiction over the State Law Claims pursuant to the principals of pendant and ancillary jurisdiction.

20. Venue is proper under 28 U.S.Ç §1391(b) because all of the causes of action upon which the complaint is based arose in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania

21. On or about May 11, 2000, at approximately 6:30 a.m., defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, forcibly entered the plaintiffs, Charles McQueen, Katina Chattin and Alice Chattin's, residence on the second floor at 538 East High Street in Philadelphia, Pennsylvania.

22. Defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, without knocking and announcing themselves, battered the front door of the residence, breaking it and causing severe damage to the entranceway.

23. Thereafter, defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, rushed into the premises with their guns drawn.

24. Plaintiffs, Charles McQueen, Katina and Alice Chattin, were ordered at gunpoint to put their hands in the air and one of the defendants placed his gun in the face of plaintiff, Alice Chattin, who was only six years old.

25. Defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, immediately handcuffed plaintiff, Charles McQueen, and forced him to the floor by placing a knee in his neck.

26. Plaintiff, Katina Chattin, was grabbed by one of the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, and forced into the kitchen.

27. One of the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, demanded to know the whereabouts of drugs and further insisted that plaintiff, Charles McQueen was a drug dealer.

28. Defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, threatened plaintiff, Katina Chattin, with arrest and attempted to handcuff her when she insisted that plaintiff, Charles McQueen was not a drug dealer.

29. Throughout this entire incident, plaintiff, Alice Chattin, a minor child, was present and observing the actions of the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10.

30. At some point during this incident, defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10 removed plaintiff, Charles McQueen, into the hallway, choked him and struck him about his body, head and neck.

31. Plaintiff, Charles McQueen, remained handcuffed during this beating and unable to protect himself.

32. Defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, also searched the residence for drugs, disrupting and damaging plaintiffs' personal property, but no drugs were ever found.

33. Defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, did not inform plaintiffs, Charles McQueen, Katina Chattin and Alice Chattin, of the reason for their presence until just prior to their departure.

34. Defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, did not produce a copy of the warrant until plaintiff, Charles McQueen was released from handcuffs and the search of the residence was completed.

35. The warrant in question, signed by defendant, Police Officer Carol Porter, only listed the general address of 538 East High Street as the premises to be searched, with no apartment specified.

36. The warrant did not contain the name of any individual and merely contained the following description: "black man, brown skin".

37. As a direct and proximate result of the aforementioned illegal and unconstitutional acts and conduct of the defendants, the Plaintiff, Charles McQueen, sustained injuries including, but not limited to, post traumatic stress reaction, sleep disturbances, mental anguish and emotional distress, as well as bruises and cuts to his shoulder and ear, some or all of which may be permanent in nature.

38. As a direct and proximate result of the aforementioned illegal and unconstitutional acts and conduct of the defendants, the Plaintiffs, Katina Chattin and Alice Chattin, sustained injuries including, but not limited to, post traumatic stress reaction, sleep disturbances, mental anguish and emotional distress, some or all of which may be permanent in nature.

39. As a direct and proximate result of the aforementioned illegal and unconstitutional acts and conduct of the defendants, the Plaintiffs, Charles McQueen, Katina Chattin and Alice Chattin, have been required to expend, and may be required to continue to expend, various sums of money for medical care and treatment, to their great detriment and loss.

40. As a direct and proximate result of the aforementioned illegal and unconstitutional acts and conduct of the defendants, the Plaintiffs, Charles McQueen, Katina Chattin and Alice Chattin, suffered mental anguish and emotional distress and will continue to suffer same for an indefinite period of time in the future, to their great detriment and loss.

41. As a direct and proximate result of the aforementioned illegal and unconstitutional acts and conduct of the defendants, the Plaintiffs, Charles McQueen, Katina

8

Chattin and Alice Chattin, have and will continue to incur other financial expenses and losses in an effort to cure themselves and the damage to their property.

<u>COUNT I – 42 U.S.C. §1983 and §1988</u>
<u>ALL PLAINTIFFS V. SERGEANT SMITH, POLICE OFFICER CAROL</u>
<u>PORTER AND POLICE OFFICERS JOHN DOE #1-10</u>

42.    Paragraphs 1 through 41 are hereby incorporated by reference, as though each were fully set forth herein at length.

43.    As aforesaid, defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of City of Philadelphia; deprived Plaintiffs of their rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from illegal entries, unlawful searches and excessive force; all of which actions violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

44.    As aforesaid, defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, acting within the scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and maliciously humiliated, embarrassed, threatened, accused and insulted Plaintiffs and used their position of authority, illegally and improperly to injure the Plaintiffs, by the above described actions, all of which violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United

States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

45.    As aforesaid, defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, acting within the scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and maliciously assaulted and battered, Plaintiffs and placed them in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

46.    As aforesaid, defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, acting within the scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and maliciously subjected Plaintiffs to an illegal entry, unlawful search and excessive force without just cause and with an improper warrant; deprived Plaintiffs of their privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States, in particular the right to be free from searches and seizures; all of which actions violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

47.     As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, the Plaintiffs suffered injuries that are described above.

48.     The above-described actions of the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiffs, Charles McQueen, III, Katina Chattin and Alice Chattin, demand compensatory and punitive damages against defendants, Sergeant Smith, Police Officer Porter, and Police Officers John Doe #1-10, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT II - 42 U.S.C. §1983 and §1988
### ALL PLAINTIFFS V. ALL INDIVIDUAL DEFENDANTS

49.     Paragraphs 1 through 48 are hereby incorporated by reference, as though each were fully set forth herein at length.

50.     As detailed above, defendants, Commissioner Timoney, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, entered into a conspiracy to harm the Plaintiffs and deny the Plaintiffs of their constitutional rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of the United States and of the Commonwealth of Pennsylvania.

51. As detailed above, defendants, Commissioner Timoney, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, performed overt acts in furtherance of the conspiracy.

52. As detailed above, the conspiracy directly and proximately resulted in harm to the Plaintiffs, including the deprivation of their rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

53. The Plaintiffs believe and therefore aver, that defendants, Commissioner Timoney, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of City of Philadelphia, provided intentional as well as unintentional support to the conspiracy to deprive Plaintiffs of their constitutional rights.

54. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Commissioner Timoney, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, the Plaintiffs suffered injuries that are described above.

55. The above described actions of the defendants, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiffs, Charles McQueen, III, Katina Chattin and Alice Chattin, demand compensatory damages against

defendants, Commissioner Timoney, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, jointly and/or severally, in their official capacities and punitive damages against defendants, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, jointly and/or severally, in their individual capacities, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III - 42 U.S.C. §1983 and §1988
### ALL PLAINTIFFS V. CITY OF PHILADELPHIA AND
### COMMISSIONER JOHN TIMONEY

56.     Paragraphs 1 through 55 are hereby incorporated by reference, as though each were fully set forth herein at length.

57.     The Plaintiffs believe and therefore aver that defendants, City of Philadelphia and Commissioner Timoney, have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or acquiescing to the systematic illegal entry and searching of homes as well as verbal and physical abuse of individuals, and subjecting them to the same type of treatment to which Plaintiffs were subjected, which policy constitutes illegal entries, unlawful searches and the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

58.     The Plaintiffs believe and therefore aver that defendants, City of Philadelphia and Commissioner Timoney, have adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, Captain John Doe,

Lieutenant John Doe, Sergeant Smith, Police Officer Porter, and Police Officers John Doe #1-10, regarding constitutional restraints on the police power to enter private dwellings, and search therein and use excessive force, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

59.    The Plaintiffs believe and therefore aver that defendants, City of Philadelphia and Commissioner Timoney, have adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline officers, including the individual defendants, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter, and Police Officers John Doe #1-10, regarding constitutional restraints on unlawful entries, illegal searches and excessive force, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

60.    The defendants, City of Philadelphia and Commissioner Timoney, have been deliberately indifferent to the rights of citizens of City of Philadelphia to be free from unlawful entries, illegal searches and excessive force, which deliberate indifference violates the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

61.    The Plaintiffs believe and therefore aver, that at the time of the aforementioned incident, defendants, City of Philadelphia and Commissioner Timoney, knew

or should have known of the above described policy of City of Philadelphia Police Department, and that they deliberately, knowingly, and negligently failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision and control of the officers, agents, and/or employees of City of Philadelphia Police Department.

62.    The Plaintiffs believe and therefore aver, that defendants, City of Philadelphia and Commissioner Timoney, knew or should have known of the above described policy, custom and practice of the City of Philadelphia Police Department, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

    a.   Failure to properly select, train, and/or test Police Officers in the proper use of force, threats of use of force, entry into a dwelling and searches therein;

    b.   Failure to have clear, concise, and appropriate Police directives;

    c.   Failure to properly supervise and/or control its Police officers;

    d.   Failure to restrain the use of improper warrants, illegal entries, unlawful searches, the threat of the use of force and the actual use of force, and to have clear concise and appropriate directives regarding same;

    e.   Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of City of Philadelphia Police Department with prior and ongoing complaints of threats of force, use of force, illegal entries and unlawful searches;

    f.   Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Police Department;

    g.   Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

    h.   Acting without due regard for the rights, safety and position of the Plaintiffs herein, in accordance with the laws of the Commonwealth of Pennsylvania; and

    i.   Otherwise violating the ordinances of City of Philadelphia; Directives of the

15

City of Philadelphia Police Department and the Statutes of the Commonwealth of Pennsylvania.

63.    The Plaintiffs believe and therefore aver that the defendants, City of Philadelphia and Commissioner Timoney, have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which officers secure invalid warrants, unlawfully enter dwellings, conduct illegal searches and use excessive force, which allows for and results in an atmosphere which encourages officers within City of Philadelphia to continue doing the same without fear of punishment.

64.    The Plaintiffs believe and therefore aver that the defendants, City of Philadelphia and Commissioner Timoney, have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named defendant officers, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, in such a way as to reduce or at least to restrain the members of the Philadelphia Police Department from securing invalid warrants, conducting illegal entries, conducting unlawful searches and using excessive force; failing to establish adequate remedial training and sensitivity programs and/or psychological counseling for officers identified as having problems with securing invalid warrants, conducting illegal entries, conducting unlawful searches and using excessive force; failing to issue adequate directives and/or guidelines concerning prohibitions against the use of invalid warrant, illegal entries, unlawful search and excessive force; and failing to discipline those officers identified as having used invalid warrants, illegally entered dwellings, unlawfully searched and used excessive force, which failures were the direct cause for the existence of the alleged custom and usage of securing invalid warrants, conducting illegal entries, conducting unlawful searches and using excessive force upon

citizens, and specifically upon the Plaintiffs by the defendants and thereby violating Plaintiffs'

rights to protection from unlawful searches and seizures under the Fourth Amendment.

65.    The defendants, City of Philadelphia and Commissioner Timoney, were

aware of the aforesaid described policy, custom and practice for a substantial period of time

and despite knowledge of the illegal policies and practices as described above by the

supervisory and policy making officers and officials, failed to take steps to terminate said

practices; have not disciplined or otherwise properly supervised defendant officers, who

engaged in the said practices; have not effectively trained officers with regard to the proper

constitutional and statutory limits in the exercise of their authority and instead sanctioned the

policy and practices described to the deliberate indifference of the constitutional rights of the

residence of City of Philadelphia.

66.    By failing to take action to stop or limit the policy and/or by remaining

deliberately indifferent to the systematic abuses which occurred in accordance with and as a

direct and proximate result of the policy, defendants, the City of Philadelphia and

Commissioner Timoney, condoned, acquiesced in, participated in, and perpetrated the policy in

violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the

Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the

Laws of the United States and of the Commonwealth of Pennsylvania and was in violation of

42 U.S.C. §1983.

67.    The foregoing acts, omissions, and systematic deficiencies are policies,

practices and customs of defendants, the City of Philadelphia and Commissioner Timoney, and

as such caused defendants, Captain John Doe, Lieutenant John Doe, Sergeant Smith, Police

Officer Porter, and Police Officers John Doe #1-10, to be unaware of the rules and laws

17

governing the permissible use of warrants, lawful entry and searches of dwellings and use of force and cause officers to believe that the securing of warrants, entering and searching dwellings and the use and/or threatened use of force is entirely within the discretion of the officer and that the securing of warrants, entering and searching dwellings and the use and/or threat of use of force would not be honestly and properly investigated, all with the procedural result that officers are more likely to secure invalid warrants, unlawfully enter and search dwellings and use and/or threaten to use force in situations where such entry, search and force is neither necessary, reasonable, nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiffs, Charles McQueen, III, Katina Chattin and Alice Chattin, demand compensatory damages against defendants, the City of Philadelphia and Police Commissioner John Timoney, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

**COUNT IV – 42 U.S.C. §1983**
**ALL PLAINTIFFS VS. SERGEANT SMITH, POLICE OFFICER CAROL PORTER AND POLICE OFFICERS JOHN DOE # 1-10**

68.     Paragraphs 1 through 67 are incorporated herein by reference, as though each were set forth herein at length.

69.     The plaintiffs believe and therefore aver that defendants tacitly encouraged and condoned the invalid warrant, illegal entry and search and the excessive force that was used against the plaintiffs, which deprived the plaintiff of their constitutional rights and privileges under the Constitution of the United States.

70.     The plaintiffs believe and therefore aver that defendants failed to prevent fellow officers from securing an invalid warrant, illegally entering and searching

18

plaintiffs' dwelling and using excessive force against the plaintiffs, and therefore deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments.

71.    As detailed above, defendants failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the use of invalid warrants, unlawful entry and search of homes and excessive force upon the plaintiff by their fellow officers.

72.    As detailed above, by encouraging and failing to intervene, defendants effectively assisted their fellow officers in securing invalid warrants, unlawfully entering and searching homes and using excessive force against the plaintiffs, and therefore deprived the plaintiffs of their constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth and Fourteenth Amendments.

73.    The above described actions of the defendants, Sergeant Smith, Officer Porter and Officers John Doe #1-10, were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, plaintiffs, Charles McQueen, III, Katina Chattin and Alice Chattin, demand compensatory and punitive damages against defendants, Sergeant Smith, Police Officer Carol Porter and Police Officers John Doe #1-10, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## COUNT V - ASSAULT AND BATTERY
## ALL PLAINTIFFS  VS. SERGEANT SMITH, POLICE OFFICER CAROL
## PORTER AND POLICE OFFICERS JOHN DOE # 1-10

74.     Paragraphs 1 through 73 are hereby incorporated by reference, as though each were fully set forth herein at length.

75.     Plaintiffs believes and therefore avers that the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, wrongfully and unlawfully assaulted and battered the plaintiff, as more particularly described hereinabove.

76.     Plaintiffs specifically complain of the conduct of defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, in pointing guns at their heads and in physically and verbally abusing them.

77.     The above-described actions of defendants placed the plaintiffs in the reasonable fear of imminent bodily harm and resulted in the plaintiffs being unlawfully and improperly touched, assaulted, and abused against their will.

78.     As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, the plaintiffs suffered injuries that are described herein.

79.     The above-described actions of defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, were so malicious, intentional, reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiffs, Charles McQueen, III, Katina Chattin and Alice Chattin, demands compensatory and punitive damages against defendants, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, jointly and/or severally, for the common law torts of assault and battery, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

<u>COUNT VI</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
<u>ALL PLAINTIFFS V. SERGEANT SMITH, POLICE OFFICER CAROL PORTER</u>
<u>AND POLICE OFFICERS JOHN DOE # 1-10</u>

80.     Paragraphs 1 through 79 are hereby incorporated by reference, as though each were fully set forth herein at length.

81.     Plaintiffs believe and therefore aver that the defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon Plaintiffs in an intentional and/or reckless manner.

82.     The above-described malicious, intentional, and/or reckless acts and omissions of defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

83.     The above-mentioned malicious, intentional, and/or reckless acts and omissions of defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, caused and continue to cause the Plaintiffs severe emotional distress, anxiety, and fear.

84.     As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, the Plaintiffs suffered injuries that are described above.

85.     The above-described actions of defendants, Sergeant Smith, Police Officer Porter and/or Police Officers John Doe #1-10, were so malicious and intentional and displayed such a reckless indifference to the Plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

21

**WHEREFORE**, Plaintiffs, Charles McQueen, III, Katina Chattin and Alice Chattin, demand compensatory and punitive damages against defendants, Sergeant Smith, Police Officer Porter and Police Officers John Doe #1-10, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

**RESPECTFULLY SUBMITTED,**


**BY:** _____
**ALAN E. DENENBERG, ESQUIRE**
**ATTORNEY FOR PLAINTIFFS**